UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CALDERON, | No. 2:23-cv-00956-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

Petitioner is a county inmate proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review.  For the reasons that follow, the undersigned recommends summarily dismissing the federal habeas petition for lack of jurisdiction.

**I.      Petitioner's 28 U.S.C. § 2254 Application**

Before the court could screen petitioner's habeas corpus application docketed on May 22, 2023, petitioner filed a first amended § 2254 application.  Because the amended petition supersedes the original § 2254 application, the court has conducted its analysis without reference to the original petition.  See Local Rule 220.

At all times relevant to the allegations in the amended habeas application, petitioner was

1

an inmate at the Rio Consumnes Correctional Center. It is unclear to the court whether petitioner is a pretrial detainee or if he has been convicted of any criminal offense. The amended habeas application mentions various individuals by name who petitioner contends have formed a rogue nation for the purpose of killing him. ECF No. 4 at 6. Some of these individuals are located in North Platte, Nebraska and some are in Sacramento, California. These efforts to harm petitioner have included trying to blind him, cut off his various body parts, starve him, freeze him, give him communicable diseases, and forcibly drugging him. ECF No. 4 at 2. While incarcerated, his mail has been opened, he has been prevented from brushing his teeth and going to the law library, and his phone calls have been tapped. ECF No. 4 at 2. By way of relief, petitioner seeks his immediate release from confinement. Id. at 8.

**II.     Analysis**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In this case, the amended petition does not identify any specific criminal conviction that was obtained in violation of "the Constitution or laws or treaties of the United States" as required by 28 U.S.C. § 2254(a). Instead, it appears to complain about the actions of private individuals who are conspiring against petitioner. Even assuming that petitioner is a state pretrial detainee who has not been convicted, federal habeas relief is only available pursuant to 28 U.S.C. § 2241. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (citing Braden v. Judicial Circuit Court, 410 U.S. 484, 503 (1973) (explaining that § 2241 authorizes district courts to issue the writ of habeas corpus before a judgment is rendered in a state criminal proceeding)). The court declines to construe petitioner's habeas application as one pursuant to 28 U.S.C. § 2241, however, because it fails to raise any constitutional, statutory, or treaty based claim.[1] See 28 U.S.C. §

---

[1] The court also declines to exercise its discretion to convert the amended § 2254 petition into a civil rights complaint pursuant to 42 U.S.C. § 1983. See Pinson v. Carvajal, 69 F.4th 1059, 1075-1076 (9th Cir. 2023) (recognizing that "this general principle—that habeas petitions may be converted to civil-rights actions—predates the enactment of the PLRA, which significantly impacted a court's ability to convert a habeas petition into a civil rights action.").

2241(c) (stating that the writ shall not issue unless the pretrial detainee is in custody "in violation of the Constitution or laws or treaties of the United States"). In the instant case, it is plain from the amended § 2254 application that petitioner is not entitled to federal habeas relief. Therefore, the undersigned recommends that the amended petition be summarily dismissed as it contains no constitutional challenge to any state criminal conviction.

### III.    Appointment of Counsel

In the amended habeas application, petitioner also requests the appointment of counsel. ECF No. 4 at 9. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). In the present case, the court denies the request for counsel as moot based on the recommendation to summarily dismiss the amended § 2254 petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for the appointment of counsel is denied as moot based upon the court's recommendation that the habeas petition be summarily dismissed.

2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 16, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cald0956.156.summ.dismiss